UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA,<br><br>   Defendant. | Case No. 1:21-cv-01019-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER<br><br>(Doc. 2)<br><br>**FOURTEEN-DAY DEADLINE** |

  Plaintiff William J. Gradford, proceeding *pro se*, filed the instant action on June 28, 2021. (Doc. 1.) On July 1, 2021, Plaintiff was ordered to either submit a long form in forma pauperis ("IFP") application, or pay the $402.00 filing fee within thirty (30) days of the Court's order. (Doc. No. 3). Plaintiff was warned that failure to comply with the Court's order would result in a recommendation for dismissal of this action. (*Id.*) More than thirty days have passed since service of the Court's order and Plaintiff has not filed the proper IFP application, paid the filing fee, or otherwise complied with the Court's order.

  Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,*

1

963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (standards governing dismissal for failure to comply with court orders). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *Id.* (citation omitted).

A civil action may not proceed absent the submission of either the filing fee or an application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. As Plaintiff has failed to pay the filing fee, file the proper application to proceed *in forma* pauperis or otherwise responded to the Court's order, the Court is left with no alternative but to dismiss this action. This action can proceed no further without Plaintiff's cooperation and compliance with the Court's order. Moreover, the matter cannot simply remain idle on the Court's docket, unprosecuted, awaiting Plaintiffs' compliance.

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, without prejudice, for Plaintiff's failure to comply with the Court's order, failure to pay the filing fee or submit the proper applications to proceed *in forma pauperis* and failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiffs may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on

appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 11, 2021__     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE